```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 12-81309-CIV-HURLEY
                        MAGISTRATE JUDGE P.A. WHITE
```

CHRISTOPHER DAVID DITTMER,    :

    Plaintiff,            :

v.                            :    <u>REPORT OF
                                          MAGISTRATE JUDGE</u>
RICK BRADSHAW, et al.,        :    MOTIONS TO DISMISS
                                           (DE# 103, 104)

    Defendants.           :
_____

## I. Introduction

Christopher David Dittmer filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983 while confined in Martin Correctional Institution.[1] (DE#1) The plaintiff is proceeding <u>in forma pauperis</u>.

This Cause is before the Court upon a Motion to Dismiss the Third Amended Complaint filed by Defendants Bass and Delgado (DE# 104) and a Motion to Dismiss the Third Amended Complaint filed by Defendant Bodden (DE# 103). Defendant Bass has been dismissed from these proceedings (DE# 125), accordingly, the motion to dismiss as to Bass should be denied as moot.

## II. Factual and Procedural Background

In the initial complaint, the plaintiff named Sheriff Ric Bradshaw, Captain Furman, and Deputy Kutcher for deliberate indifference to his safety while in their custody in the Palm Beach

---

[1] The plaintiff has since been released from incarceration.

County Jail, in their individual and official capacities. He further attempted to add a state tort claim for negligence. He named Bradshaw and Armor Correctional Health Services for deliberate indifference to his medical care. He further added the claim of negligence for failure to supervise his health treatment.

Dittmer alleged that in 2010, while a pre-trial detainee at the Palm Beach County Detention Center, permanent bunks were replaced with "boats", consisting of plastic units, used to handle the overcrowding. Deputy Kutcher assigned the plaintiff to an upper bunk, and when the plaintiff refused, Kutcher threatened him. He awoke that night and struck his head on the low ceiling. His neck was injured and he felt pain and temporary paralysis. He was given an MRI in Wellington hospital, which yielded negative results for a concussion. He was then given a lower bunk and the bunks were reconfigured for more space from the ceiling.

He was sent to prison in 2010, but returned to the Sheriff's custody from November of 2010 to August of 2011, on an appeal matter. The County Jail and Armor Correctional Health Services failed to properly diagnose or treat his injury. He was told there was nothing wrong with his neck, yet the pain failed to lessen. He was seen by an orthopedist, who viewed the reports from Wellington Hospital, and informed him he suffered from arthritis in his neck, probably aggravated by the accident. He told him to see a doctor upon release and have an MRI. He further alleged that when he was transferred to prison, the officials failed to provide him with an MRI. He seeks monetary damages and injunctive relief.

A Report was entered on January 30, 2013, recommending the complaint be dismissed for failure to state a claim, and further recommending the plaintiff be permitted to amend his complaint

solely to name defendants directly responsible for the denial of adequate medical treatment. The Report was adopted on April 19, 2013.

The plaintiff filed a First Amended Complaint on May 08, 2013 (DE#23), a Second Amended complaint on May 24, 2013 (DE#24), and a motion to amend on June 24 2013 (DE#27). It was recommended the last amended complaint filed (DE#27) shall supercede the first two amended complaints and they should be stricken. (DE#23 & 24)

<u>Amended complaint</u> (DE#27)

In the first instance the plaintiff's complaint was thirty-three pages with 74 pages of exhibits. The exhibits go beyond the four corners of the complaint and, if considered, would convert this pleading into a motion for summary judgement. Therefore the exhibits were not considered in the preliminary screening.

Secondly the plaintiff attempted to re-name Sheriff Bradshaw and Armor Health Care as defendants. They have previously been dismissed, and it was recommended they not be considered in this complaint.

The plaintiff named as defendants Drs. Kernus, Blandon, Beauzile, Bodden, Bass, Delgado and Nurse Brackin. He claims to suffer from chronic neck pain and numbness since an injury in 2010. Results of an MRI taken in 2013 demonstrated a herniated disk. He claims that Drs. Bodden and Kernus were aware that his x-ray reports showed degenerative changes and narrowing of the vertebrae spaces, and ordered no further testing. He states that only Dr. Chryssiadis responded to his abnormal x-ray findings and that virtually no medical care was provided for 2 ½ years.

Dr. Delgado recommended surgery, and provided relief along with Dr. Chryssiadis. However, he further claims that Dr. Delgado filled out an orthopedic referral in February of 2013, but should have submitted it earlier. Additionally, Delgado prescribed a sinus pill instead of a pain reliever, which provided no relief.

Dr. Kernus, an employee of Wellington Hospital, ordered x-rays, but should have been aware of his herniated disc symptoms and ordered an MRI. He was returned to jail with no order for pain relief, and without a neck brace.

Dr. Blandon, employed by the jail's medical department, saw the plaintiff on at least two occasions in 2010, and prescribed Roboxin, but delayed ordering an MRI when requested. This delayed treatment resulted in continued severe pain.

Dr. Beauzile saw the plaintiff in 2010, and refused to order anything stronger for pain relief than the Roboxin and Motrin ordered by Dr. Blandon, which was not helping. He also refused to order an MRI and said the pain would lesson. Eventually he referred him to an orthopedist.

Nurse Brackin responded to a grievance by stating his x-rays and CAT scan came back negative, which he claims was not true. He states that as a licenced nurse, she should have recognized his symptoms and petitioned her supervisor for further testing. A subsequent grievance was unanswered.

Dr. Boden, an orthopedist saw the plaintiff in the jail's medical department. His report did not include the plaintiff's spinal problems. He performed a physical examination, finding some arthritis in his neck, as demonstrated by the x-rays taken at

Wellington Hospital. Boden told him to obtain an MRI upon release, and that the jail would not pay for one.

Dr. Bass saw the plaintiff at Okeechobee in October of 2010. He stated he did not see anything wrong with his neck, and prescribed Motrin.

Lastly, the plaintiff attempted to state a state tort claim of negligence against Sheriff Bradshaw who has been dismissed from this case.

The Report recommended that the plaintiff had stated a claim of denial of adequate medical treatment against Drs. Kernus, Blandon, Beauzile, Bodden, Bass, Delgado and Nurse Brackin. (DE# 32). At this early stage it appeared that the named defendants delayed diagnosis and treatment and allowed the plaintiff to be in considerable pain for a long period of time. The Report was adopted and the defendants were served.

Amended Complaint (DE#41)

The plaintiff filed an amended complaint on August 9, 2013, and it is this complaint which was served upon the defendants, although it was never screened. The defendants remain the same and the claims remain the same as in the earlier filed amendment (DE#27). The plaintiff again named Bradshaw and Armor which have been dismissed. The plaintiff claims deliberate indifference to his medical needs resulting from his 2010 injury in Count I, and in Count II he raises a state tort claim of negligence against the Sheriff.

Defendant Kernus's Motion to Dismiss (De#60)

On December 19, 2013, Dr. Kernus filed a motion to dismiss the amended complaint, and argues the following: 1) Dr. Kernus was not a state actor acting under color of state law while treating the plaintiff at the Wellington Regional Medical Center, and 2) the doctor's treatment of the plaintiff did not rise to a level of deliberate indifference.

Case law indicates that a doctor treating an inmate at a private hospital is not acting under color of state law <u>unless</u> the hospital or the doctor has contracted with state administrators to provide medical care to the prisoners. <u>Bektic-Marrero v Goldberg</u>, 850 F. Supp 418 (SDNY 2012). In this case it is not clear whether Wellington Hospital has any contract to provide inmate care. If so than the doctor is acting under color of state law. This issue requires more development.

Secondly, in the prior screening of the amended complaint (DE#27) a Report by the Undersigned recommended that the plaintiff had sufficiently stated a claim at this preliminary stage for denial of adequate medical treatment and pain medication. The Report was adopted by the United States District Judge. The amendment (DE#41) includes the facts that Dr. Kernus was informed of his numbness and tingling down the left side of his arm into his thumb and index finger with burning pain. He ignored this serious medical need and although the X-rays indicated possible herniated disk, the doctor failed to order the MRI, which performed later indicated a herniated disk pushing on the nerves and spinal cord. This indifference led to damage to the inflicted areas. Further Dr. Kernus returned him to jail in severe pain with no pain reliever and no neck brace to stabilize the damaged cervical spine. This is considered sufficient to state a claim of deliberate indifference to the plaintiff's medical needs.

As to the supplemental state tort claim of simple negligence, as stated in the Prior Report and Recommendation, this claim against the Sheriff has been dismissed.

A February 5, 2014 Report recommended the motion to dismiss by Dr. Kernus (DE#60) should be denied, without prejudice to allow further development of the issue of whether Dr. Kernus was acting under color of state law. (DE# 73). The Report also concluded that the amended complaint (DE#41) is the operative complaint. (DE# 73).

The District Court issued an order adopting the 2/5/14 Report in part and granting defendant Kernus's motion to dismiss. (DE# 84). The court order provided as follows:

> BACKGROUND
> Plaintiff, a pretrial detainee in the Palm Beach County jail, awoke from his bunk bed and bumped his head on the ceiling. The guards escorted Plaintiff to the emergency room of the local hospital, where Plaintiff met with Defendant Dr. Kernus. Plaintiff complained to Dr. Kernus of severe neck pain and of a feeling of numbness, tingling, and burning that traveled from the top of his left arm to his thumb and index finger. Dr. Kernus administered a pain reliever and ordered a CT scan of Plaintiff's head and an x-ray of Plaintiff's neck. The x-ray impression showed "[d]egenerative change C5-C7. Minimal reversal of the cervical lordosis." Dr. Kernus diagnosed Plaintiff with a mild sprained neck and discharged him, instructing him to seek immediate medical attention if he developed additional discomfort.
>
> Plaintiff continued to complain of pain. Two and a half years later, another doctor reviewed new x-rays of Plaintiff and decided to order an MRI. The MRI showed "evidence of posterior bony osteophyte and left paracentral herniated disc at C5-C6 impinging on the left side of the spinal cord without severe stenosis." According to the doctor who reviewed the MRI, delay in treatment may have damaged Plaintiff's neck.

7

Plaintiff alleges that Dr. Kernus was deliberately indifferent to Plaintiff's medical needs in violation of 42 U.S.C. § 1983. He alleges that Dr. Kernus should have, but did not, order an MRI, provide Plaintiff a neckbrace or compress, or provide Plaintiff additional pain relievers.

A. UNDER COLOR OF STATE LAW

To state a claim that Defendant acted under color of state law, Plaintiff must do more than allege that Plaintiff was a pretrial detainee at the time Defendant treated him. Plaintiff must properly describe the relationship between himself, Defendant, and Palm Beach County. See West v. Atkins, 487 U.S. 42, 57 (1988) ("[T]he dispositive issue concerns the relationship among the State, the physician, and the prisoner."). A sufficient claim would allege that Defendant contracted with Palm Beach County to treat detainees. See Ort v. Pinchback, 786 F.2d 1105 (11th Cir. 1986). Or, a sufficient claim would allege that Defendant was an employee of a company that provided medical services to detainees inside the jail. Ancata v. Prison Health Services, Inc., 769 F.2d 700 (11th Cir. 1985) But, an insufficient claim would allege – as Plaintiff does here – only that Defendant treated him, and nothing more. Plaintiff makes no allegations that Palm Beach County contracted with Defendant to provide inmate care, that Palm Beach County contracted with Defendant's hospital to provide inmate care, or that Defendant worked for Palm Beach County, the jail, or a company that provided medical services inside it.

Plaintiff, in his objection, argues that Defendant conspired with the jail guards to deprive him of care. While a private physician may become a state actor by conspiring with one, Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992), Plaintiff has made no plausible claim this occurred. As a result, Plaintiff has failed to state a claim that Defendant acted under color of state law.

B. DELIBERATE INDIFFERENCE

To state a claim that Defendant acted with deliberate indifference to Plaintiff's serious medical need, Plaintiff must first allege he presented an "objectively serious medical need." In this case,

8

Plaintiff's "herniated disc" may be such a need. See Petrena v. Hamilton, No. 1:04-CV-00441-MPAK, 2006 WL 1371646 at *7 (N.D. Fla. May 17, 2006) ("The objective medical tests show that Plaintiff had a severe herniated disk in his neck and the doctors who had examined him were of the opinion that he needed surgery. This is obviously a serious medical need). Plaintiff must then allege that Defendant knew of, but with more than gross negligence, disregarded the risk of serious harm by neglecting that need. See Gilmore v. Hodges, 738 F.3d 266, 273–74 (11th Cir. 2013). Plaintiff argues that upon reviewing his x-ray, Defendant should have known to immediately order an MRI, and to provide Plaintiff with the palliate care Plaintiff believes to have been appropriate. These claims, however, are without merit.

    Deliberate indifference by a physician is a constitutional violation, not a federal cause of action for malpractice. See Estelle v. Gamble, 429 U.S. 97, 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). An emergency room doctor's failure to diagnose a herniated disc most likely does not constitute deliberate indifference. See Webb v. Langly, 267 F. App'x 910 (11th Cir. 2008) (holding that failure to diagnose, and a three-week delay in mending, a prisoner's broken nose did not constitute deliberate indifference). Nor does an emergency room doctor's decision to advise a patient to monitor his neck, rather than to order a particular treatment such as compress or brace. See Hairston v. Negron, --- F. App'x ----, 2014 WL 701630 (11th Cir. 2014) (holding that a doctor was not deliberately indifferent to a patient's heart condition when he recommended "'close follow up' care rather than an immediate cardiac catheterization"). Furthermore, failure to order to order an MRI is not deliberate indifference. In fact, it may not even be malpractice. See Saunders v. Dickens, 103 So. 3d 871 (4th DCA 2012) (affirming judgment in favor of neurologist whose decision not order an MRI may have delayed treatment and caused the plaintiff's quadriplegia). In consideration of this high standard, Plaintiff has failed to state a claim for deliberate indifference.

CONCLUSION
    Judge White has made two recommendations. First, he has recommended that the Court deny Defendant's motion to dismiss "without prejudice to allow further development

9

of the issue of whether Dr. Kernus was acting under color of state law." Second, due to a delay in docket entry, he has recommended that the Court consider Docket Entry 41 to be the operative complaint, a recommendation to which no parties object. For the foregoing reasons,

It is hereby

ORDERED and ADJUDGED that:
1. The Report and Recommendation of the United States Magistrate Judge [ECF No. ] is ADOPTED-IN-PART.

a. Plaintiff's Second Amended Complaint [ECF No. 41] is the operative complaint.

2. Defendant's Motion to Dismiss [ECF No. 60] is GRANTED. Plaintiff's Second Amended Complaint [ECF No. 41] is DISMISSED without prejudice. Plaintiff shall file an Amended Complaint within thirty (30) days of the date of this order.

(DE# 84).

<u>Third Amended Complaint</u> (DE# 99)

Dittmer voluntarily dismissed defendants Beauzile, Bass, and Brackin from the instant proceedings.

Dittmer did not re-allege any claims against Dr. Kernus. As a result, the District Court's order dismissing Kernus from the proceedings stood, and Kernus was no longer a party. As a result, the Undersigned's report on the Third Amended Complaint recommended that Kernus's motion for final order of dismissal and termination of Dr. Kernus as defendant (DE# 100) should be granted.

Dittmer's claims against Delgado, Bodden, Blandon remained the same in the third amended complaint as in the earlier filed complaints.

10

Dittmer attempted to add two new defendants in his third amended complaint, Dr. Mary Chryssiadis (DE# 99:30) and Wexford Health Care, Inc. (DE# 99:35).

The Undersigned issued a report recommending the following: 1. Defendants Beauzile, Bass, and Brackin be dismissed from this case, in light of Dittmer's voluntary dismissal of these defendants; 2. Kernus's motion for final order of dismissal and termination of Dr. Kernus as defendant (DE# 100) be granted; 3. The claims for deliberate medical indifference remain pending against Delgado, Bodden, and Blandon; 4. The Complaint against Dr. Chryssiadis and Wexford Health Care is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted; and 5. The third amended complaint (DE#99) is the operative complaint against Delgado, Bodden, and Blandon. (DE# 119). The District Court issued an order adopting the report in full. (DE# 124).

### III.  Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked

11

for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

For reasons discussed in the Report on the Third Amended Complaint (DE# 119), which was adopted by the District Court (DE# 124), the Third Amended complaint in this case is sufficient to state a claim against defendants Bodden and Delgado.

## IV. Motions to Dismiss

Defendant Delgado argues that this court should dismiss the Third Amended Complaint for failure to state a claim upon which relief may be granted.  Delgado also argues that he is entitled to qualified immunity. (DE# 104). Defendant Bodden argues that Dittmer has failed in the Third Amended Complaint to state a cause of action against him under 42 U.S.C. §1983. (DE# 103).

The defendants' argument that plaintiff has failed to state a claim is unavailing. It has already been determined by the United States District Judge upon adoption of the Report and Recommendation that the plaintiff has stated a claim for denial of medical treatment. See (DE# 119, 124).  According the Dittmer's claims, Dr. Delgado recommended surgery, and provided relief along

with Dr. Chryssiadis. However, he further claims that Dr. Delgado filled out an orthopedic referral in February of 2013, but should have submitted it earlier. Additionally, Delgado prescribed a sinus pill instead of a pain reliever, which provided no relief.  He claims that Dr. Bodden was aware that his x-ray reports showed degenerative changes and narrowing of the vertebrae spaces, and ordered no further testing. He states that only Dr. Chryssiadis responded to his abnormal x-ray findings and that virtually no medical care was provided for 2 ½ years.  This court has previously ruled that these facts are sufficient to state a claim of deliberate indifferent to a serious medical need.

Finally, as to defendant Delgado's claim that he is entitled to qualified immunity, the facts have not been sufficiently developed at this time to make this determination.

## V. Recommendation

It is therefore recommended as follows:

1. Defendant Boden's motion to dismiss Plaintiff's Third Amended Complaint (DE# 103) be denied.

2. Defendant Bass's motion to dismiss Plaintiff's Third Amended Complaint (DE# 104) be denied as moot.

3. Defendant Delgado's motion to dismiss Plaintiff's Third Amended Complaint (DE# 104) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo*

determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. <u>See</u> 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790,794 (1989); <u>LoConte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

Dated at Miami, Florida, this 21st day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Christopher David Dittmer
    Missaukee Sheriff Department
    PO Box 800
    Lake City, MI 49651

    Rose-Ann Flynn
    Purdy & Flynn
    1848 SE 1st Avenue
    Fort Lauderdale, FL 33316-2875

    Kathleen Mary Savor
    Office of the Attorney General
    110 SE 6 Street
    10th Floor
    Fort Lauderdale, FL 33301